IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WARITH DEEN MUHAMMAD,<br><br>*Defendant*. | Case No. 1:25-CR-284 (RDA) |

### UNITED STATES' OPPOSITION TO MOTION TO STRIKE

The defendant, Warith Deen Muhammad, has filed a motion to strike. For the reasons set forth below, that motion should be denied.

1. **Procedural & Factual Background**

On September 22, 2025, Attorney General Bondi appointed Lindsey Halligan pursuant to 28 U.S.C. § 546(a) to serve as the Interim U.S. Attorney for the Eastern District of Virginia. *See* Exhibit A, Order No. 6402-2025, Authorizing Lindsey Halligan to be the Interim United States Attorney for the Eastern District of Virginia During the Vacancy in that Office, *United States v. Comey*, No. 1:25-cr-272 (E.D. Va. filed Oct. 20, 2025), ECF No. 60-1.

On October 31, 2025, Attorney General Bondi further appointed Ms. Halligan to serve as a "special attorney." Att'y Gen. Order No. 6485-2025. The order gave Ms. Halligan "authority to conduct, in the Eastern District of Virginia, any kind of legal proceeding, civil or criminal." *Id.*

On December 3, 2025, a grand jury in the Eastern District of Virginia returned a true bill on a superseding, nine-count indictment, charging the defendant with seven counts of wire fraud (18 U.S.C. § 1343) and two counts of Travel Act violations (18 U.S.C. § 2314). The indictment included the following signature block:

    Lindsey Halligan
    United States Attorney and Special Attorney

    Todd W. Blanche
    Deputy Attorney General

    Robert K. McBride
    First Assistant United States Attorney

    Jack Morgan
    Zoe Bedell
    Assistant United States Attorneys

*See* ECF No. 45, Superseding Indictment. On December 26, 2025, the defendant filed a motion to strike the references to Lindsey Halligan in the Superseding Indictment and in other case documents, though he did not enumerate precisely which documents he was referencing.

    2.    **Applicable Law and Argument**

Rule 7(d) of the Federal Rules of Criminal Procedure provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). "The purpose of Rule 7(d) is to protect a defendant against prejudicial allegations that are neither relevant nor material to the charges made in an indictment, or not essential to the charge, or unnecessary, or inflammatory." *United States v. Williams*, 445 F.3d 724, 733 (4th Cir. 2006) (quoting *United States v. Poore*, 594 F.2d 39, 41 (4th Cir. 1979)); *see also United States v. Pleasant*, 125 F. Supp. 2d 173, 184 n.9 (E.D. Va. 2000) ("A motion to strike surplusage should be granted only if it is clear that the surplusage is (1) not relevant to the charges; (2) inflammatory; and (3) prejudicial." (citing 1 Wright, Federal Practice and Procedure § 127))*; accord United States v. Rezaq*, 134 F.3d 1121, 1134 (D.C. Cir. 1998); *United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990); *United States v. Huppert*, 917 F.2d 507, 511 (11th Cir. 1990); *United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1998); *United States v. Fahey*, 769 F.2d 829, 841-42 (1st

Cir. 1985). Even assuming Rule 7(d) applies to the Government's signature block and not just the indictment's allegations, the defendant has not offered any facts or argument to meet this standard.

The defendant references a district court opinion by Senior United States District Judge Cameron McGowan Currie in a separate matter, *United States v. James B. Comey, Jr.,* 1:25-CR-00272-MSN. *See U.S v. Comey*, ECF Document No. 213 (2025 WL 3266932). Judgment in that case is not final, as the Government timely filed a notice of appeal of Judge Currie's decision, and appellate review is currently pending before the Fourth Circuit. *U.S. v. Comey*, ECF No. 217, Notice of Appeal by USA.

Moreover, "district court opinions lack precedential force even vis-à-vis judges in the same judicial district." *Trump v. CASA, Inc.*, 606 U.S. 831, 858 n.17 (2025) (citing *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011)); *see also Thorpe v. Clarke*, 37 F.4th 926, 943 n.6 (4th Cir. 2022) ("As we have explained over and over again, published district court opinions, like unpublished opinions from our Court, have no precedential value . . . ." (internal quotation marks omitted)). District court orders do not even bind the judge that issued them. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011). The defendant does not explain why Judge Currie's decision would be any different. Notably, Judge Currie did not grant injunctive or other relief that might have effect beyond the specific case the decision was handed down in.[1]

---

[1] In fact, Mr. Comey did not seek any relief beyond dismissal of the indictment, *see, e.g. United States v. Comey*, ECF No. 60 at p. 25, and during oral argument, counsel for Mr. Comey expressly disclaimed any effort to seek relief that might have an effect in any other case. Judge Currie also simultaneously granted a motion to dismiss on similar grounds in the case *United States v. James*, 2:25-cr-122 (E.D. Va.). In *United States v. James*, the defendant moved to enjoin Ms. Halligan from "exercising any other functions or duties of an interim U.S. Attorney." *United States v. James*, ECF No. 22 at p.16. However, Judge Currie denied the request for an injunction as moot. *See United States v. James*, ECF No. 140 at p.25.

There are also meaningful factual differences between *United States v. Comey* and the present matter. To begin, Judge Currie's opinion offers no basis for striking Ms. Halligan's title of "Special Attorney." In *United States v. Comey*, the court considered only whether that title could be applied retroactively to support Ms. Halligan's actions taken prior to October 31. *See United States v. Comey*, 1:25-cr-272, ECF No. 213 at p. 21 ("I reject the Attorney General's attempt to *retroactively* confer Special Attorney status on Ms. Halligan." (emphasis added)). But here, the superseding indictment was returned on December 3, 2025—over a month after Ms. Halligan was appointed as a special attorney. Judge Currie's retroactivity analysis is therefore not relevant in this case. The defendant offers no other challenge to the use of this title, and thus no basis for striking it.

Additionally, unlike the indictment at issue in *United States v. Comey*, the Superseding Indictment contains the names of four other attorneys for the government whose authorities and appointments are unchallenged. And it is difficult to imagine how a mislabeled title in the government's signature block could possibly be "inflammatory" or "prejudicial" to the defendant. *Williams*, 445 F.3d at 733; *Pleasant*, 125 F. Supp. at 184 n.9; *cf. United States v. Smith*, 962 F.3d 755, 766 (4th Cir. 2020) (rejecting request to dismiss indictment and/or for new trial based on a challenge to the Acting Attorney General's appointment where the defendant failed to show how the Acting Attorney General's tenure "affected his proceedings or prejudiced him in some way").

## **CONCLUSION**

Because the defendant offers no basis for striking Ms. Halligan's name from the case documents, the motion should be denied.

Respectfully submitted,

By: _____/s/_____
Jack Morgan
Zoe Bedell
Assistant United States Attorneys
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3779
Email: Jack.Morgan@usdoj.gov
